IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BRANDON WATERS                                                               PLAINTIFF

v.                  Civil No. 5:17-cv-05101

SHERIFF TIM HELDER;                                    DEFENDANTS
and DR. KARAS

**OPINION AND ORDER**

Plaintiff, Brandon Waters, filed this action pursuant to 42 U.S.C. §1983. He proceeds *pro se* and *in forma pauperis.* The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**I. BACKGROUND**

According to the allegations of the complaint (Doc. 1) and supplement (Doc. 6), Plaintiff was booked into the Washington County Detention Center (WCDC) on April 14, 2017. He advised the booking officer that he had an appointment with a pain management doctor on April 24, 2017, about having a nerve block done because of pain and other ongoing issues he had from a January 2017 hernia repair surgery. His surgeon indicated there was a possibility he would have to remove the mesh used during the hernia surgery. Plaintiff alleges the mesh was causing nerve damage and pain and swelling on the left side of his body.

At the time, Plaintiff states his left knee was swollen. Plaintiff indicates he had previously injured his knee and believed he had re-injured it. When Plaintiff did see Dr. Karas about his

1

knee, he merely prescribed ice and told Plaintiff to wrap the knee up. Plaintiff alleges this is not working. Plaintiff states his knee needs to be checked out to see if he tore something in it.

The week of May 15, 2017, Plaintiff alleges he was told he would have the nerve block done. However, two weeks later, Plaintiff alleges he was told his doctor would not see any detainees. He was told they would have to locate another pain management doctor to perform the nerve block.

Plaintiff alleges he stays in pain 24/7 and that the mat he has for sleeping is so thin it causes his back to hurt. When he is lying on his back, Plaintiff states he can feel the mesh. His requests to be taken to the emergency room have been denied. He also states that his requests for something to be done to help him with the pain were ignored.

Plaintiff also had a problem with the nail on his big toe bleeding. He alleges it was coming off and would get caught on his bedding which was painful. When an officer came to look at it, Plaintiff states it was clear the officer did not care about the problem.

Plaintiff names Defendants in both their individual and official capacities. As relief, Plaintiff seeks compensatory damages and medical treatment.

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fails to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

## III. DISCUSSION

Plaintiff's claims against Sheriff Helder in his individual capacity are subject to dismissal. Plaintiff's claims against Sheriff Helder are based on his being in charge of the jail. A claim of deprivation of a constitutional right cannot be based on a *respondeat superior* theory of liability. *See Monell v. Department of Social Services*, 436 U.S. 654, 694 (1978). "[A] supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity." *White v. Holmes*, 21 F.3d 277, 280 (8th Cir. 1994); *see also Whitson v. Stone County Jail*, 602 F.3d 920, 928 (8th Cir. 2010) ("In a § 1983 case, an official is only liable for his own misconduct and is not accountable for the misdeeds of his agents under a theory such as respondeat superior or supervisor liability") (internal quotations omitted); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) ("general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability").

"Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendant, [Plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (*quoting Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006)); *Keeper v. King*, 130 F.3d at 1314 (no evidence that the defendants were doctors or were personally involved in making

medical decisions about treatment); *Mark v. Nix*, 983 F.2d 138, 139-40 (8th Cir. 1993) (section 1983 liability requires some personal involvement or responsibility).

There are no allegations that Sheriff Helder was involved in any way with the decision of whether the Plaintiff should receive medical treatment, the type of medication he should be prescribed, what tests should be ordered, or whether he should be referred to a specialist. In short, Sheriff Helder's only connection is that he was over the jail in which Plaintiff was confined. Plaintiff has failed to state a claim against Sheriff Helder in his individual capacity..

Next, Plaintiff has not alleged facts sufficient to assert a plausible official capacity claim against the Defendants. Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). A Plaintiff "seeking to impose liability on a municipality under § 1983 [must] identify [an unconstitutional] policy or custom that caused the plaintiff's injury." *Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 403 (1997). "There are two basic circumstances under which municipal liability will attach: (1) where a particular policy or custom itself violates federal law, or directs an employee to do so; and (2) where a facially lawful policy or custom was adopted with 'deliberate indifference' to its known or obvious consequences." *Moyle v. Anderson*, 571 F.3d 814, 817-18 (8th Cir. 2009) (citation omitted).

Plaintiff has not alleged that the existence of any custom or policy was the moving force behind the alleged constitutional violation. Therefore, Plaintiff has not alleged a plausible official capacity claim.

Finally, Plaintiff's claim for injunctive relief in the form of medical treatment is also subject to dismissal as he is no longer detained at the WCDC. *See e.g., Hanks v. Prachar*, 457

4

F.3d 774, 775 (8th Cir. 2006)(a detainee's request for injunctive relief becomes moot upon his release from jail).

IV. CONCLUSION

No plausible claim is stated against Sheriff Helder. All claims against Sheriff Helder are **DISMISSED and the Clerk is directed to terminate him as a Defendant.** *See* 28 U.S.C. § 1915(e)(2)(B) (*in forma pauperis* action, or any portion of it, may be dismissed at any time for failure to state a claim). Plaintiff's official capacity claims and his claims for injunctive relief are also dismissed.

The complaint will be served on Dr. Karas in his individual capacity.

IT IS SO ORDERED on this 22nd day of August, 2017.

/s/ P.K. Holmes, III
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE